Opinion delivered May 4, 1887.

---

No. 5180.

DAN MURPHY *v.* THE STATE.

OBSTRUCTING PUBLIC ROAD—FACT CASE.—The gravamen of the offense of obstructing a public road is that the act was *willfully* done by the accused. See the opinion and the statement of the case for the effect

and substance of evidence *held* insufficient to support a conviction for
willfully obstructing a public road, inasmuch as the evidence leaves the
true location or route of the road in doubt and uncertainty.

APPEAL from the County Court of Williamson. Tried below
before the Hon. W. M. Key, County Judge.

This conviction was for the willful obstruction of a public
road, and the penalty assessed by the jury was a fine of twenty-
five dollars.

The evidence in this case disclosed that the road alleged to
have been obstructed was located in 1881; that it ran over an
open, unfenced prairie country, and that the road bed, as the
country became populated and fenced, shifted according to the
fancy or convenience of the traveling public. It was shown
that, when the defendant built his fence, the road nearly divided
his land in halves, having at different periods traversed it at dif-
ferent angles. Defendant sought information from neighbors,
when he built his fence, as to whether the road was a public or
private road, and was informed by more than one that it was
not a public road. In short, the evidence fails to show that the
defendant knew the meanderings of the road, or that he knew
it to be a public road, when he built his fence across it.

*Cochran & Parker*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted for unlawfully and
willfully obstructing a public road.

After proving that the road obstructed was legally established,
etc., the State, to sustain the charge that appellant was guilty
of willfully obstructing the same, introduced several witnesses
to show that appellant obstructed the road by building a new
fence across the same. But it was also shown that the said road
had no definitely settled route, the line of travel varying over a
breadth of several hundred yards, rendering it reasonable that
appellant was mistaken as to its true location.

After a careful examination of the statement of facts, we are
left in doubt as to the location of the road. Without noticing
all the questions presented in the able brief of appellant's coun-
sel, we hold that the conviction should not stand; for the reason

Opinion of the court.

that, if appellant did obstruct the road as charged, it does not appear from the record that it was "willfully" done.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*